Ham, Judge,
 

 delivered the opinion of the Court:— The last question submitted to this Court should be first considered j have the Courts of North-Caroiina jurisdiction of the present suit ? It is to be observed that the Canal lies partly in Virginia, and partly in
 
 this State,
 
 and that'the acts of A'-seiubly, incorporating, the Companies, give no preference to the Courts of either State. And it is to be further observed, that the office of President & Directors of the Company, has not by these acts been located. It therefore follows, that the Courts of each State have equal
 
 jurisdiction;
 
 but the Court in cither State, in which a suit
 
 shall be
 
 first
 
 property instituted,
 
 does, by such priority, oust all other Courts of jurisdiction, during the pendency of such suit, and whilst any judgment, which may be regularly given in such suit, remains in force.
 

 But. the Complainant has not applied to the proper jurisdiction. He ought to have applied to a Court of Common Law, for a
 
 mandamus
 
 to compel the officers of the Company to register his deed, in case lie be entitled to have it
 
 registered.
 
 —(4
 
 Burr.
 
 1991. 1
 
 Ld. Raym. 125.
 
 1
 
 Strange,
 
 159. 2
 
 Id.
 
 1180.
 
 Com. Dig. mandamus, A.
 
 3
 
 Burr.
 
 943. 2
 
 Term.
 
 2.) It is not necessary to discuss this point, as the first and second points, made in this case, must be decided against the Complainant. It is true that the acts of incorporation declare that the shares shall be considered
 
 real property,
 
 and it is also true that real property may be sold under writs of
 
 fieri facias,
 
 in this State. But it was not contemplated to make' such shares liable to debts, as real property.
 
 *197
 
 The object of the acts was, to give to shares the quality of'being inheritable. This idea is strengthened by a clause in the acts, which declares that there shall be no severance of a share. If the shares are to be considered real property, as to the payment of debts, they must be viewed as savouring of, and issuing from the land
 
 ;
 
 in which case they have
 
 locality;
 
 and part of the land lying in Virginia, is not within the jurisdiction of this Court, so that an execution could be levied on it; and we have just seen that that part which lies in this State, cannot be sold, because there can be no severance of a share. If the shares be considered as unconnected with the land, although, as to some purposes, they be considered as real estate, yet, as to executions, they are
 
 choses in action,
 
 and not the subject of leisure or sale. It may he aptly said of them, what Lord Ellenborough, in the case of
 
 Scott
 
 v. Scholey, (8
 
 Term,
 
 467,) said of equitable interests in terms for years, “that they had no locality attached to them, so as to render them more fitly the subject of execution and sale, in one country than in another. Let the bill be dismissed.